UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| KIMBERLY R. JONES | * | CHAPTER 7<br>CASE NO. 09-32500 -NVA |
| Debtor(s) | * | |
| * * * * * * * | | |
| MICHAEL G. RINN , TRUSTEE | * | |
| Plaintiff | * | |
| v. | * | |
| | | Adversary No. |
| CASTLE POINT MORTGAGE, INC. | * | |
| and | * | |
| ACT PROPERTIES, LLC | * | |
| and | * | |
| UBS AG, NEW YORK BRANCH DBA<br>UBS SPECIAL SERVICING GROUP | * | |
| and | * | |
| MORTGAGE ELECTRONIC<br>REGISTRATIONS SYSTEMS, INC. | * | |
| | * | |
| Defendants | | |

* * * * * * * * * * * * *

**COMPLAINT TO (A) AVOID LIEN (B) TO REINSTATE AUTOMATIC STAY ( C )  FOR DECLARATORY JUDGMENT (D) FOR SALE**

MICHAEL G. RINN, Trustee for the Bankruptcy Estate of KIMBERLY R. JONES and by his undersigned Counsel, and as his Complaint to Avoid and Recover Lien, for Declaratory Judgment, for Sale and for Other Relief (the "Complaint") and states:

## JURISDICTION & VENUE

1. This is a core proceeding within the meaning of Fed. R. Bankruptcy P. 7001 and 28 U.S.C. §157(b)(2).

2. This Court has jurisdiction over this matter under 28 U.S.C. §157(a), 28 U.S.C. §1334.

3. This is the proper forum in which to maintain this proceeding pursuant to 28 U.S.C. §1409.

## PARTIES

4. KIMBERLY R. JONES (the "Debtor ") filed a voluntary petition under chapter 13 on November 19, 2009. The proceeding was converted to a case under Chapter 7 on November 10, 2010.

5. The Plaintiff is the duly appointed and serving Chapter 7 Trustee for the Bankruptcy Estate of Kimberly R. Jones ("Estate").

6. Defendant **Castle Point Mortgage, Inc**., ("Castle Point ") is a financial corporation existing under the laws of the United States and is asserted to be the original holder of the note, related to the deed of trust described herein.

7. Defendant **Act Properties, LLC** ("ACT")  is asserted by ACT by to be the current holder of the note, related to the deed of trust described herein.

8. Defendant **UBS AG, New York Branch DBA UBS Special Servicing Group** ("UBS") is asserted by USB to be the servicing agent under the deed of trust ("Deed of Trust" defined below).

9. Defendant, **Mortgage Electronic Registration, Systems, Inc.** ("MERS") is a corporation asserted to be the nominee and the mortgagee under the Deed of Trust.

## ALLEGATIONS OF FACT

10. This case was commenced by the filing of a voluntary petition under Chapter 13 of the United States Bankruptcy Code on or about, November 19, 2009, (the "Petition Date"). The proceeding was converted to a case under Chapter 7 on November 10, 2010.

11. The Plaintiff was appointed as the interim Trustee pursuant to 11 U.S.C. §701 and became the permanent Trustee pursuant to the operation of 11 U.S.C. §702 (d).

12. On and prior to the Petition Date, the Debtor owned the property and improvements known as 20 Mallow Hill Road, Baltimore, Maryland 21229 (the "Real Property") with an asserted value of not less than $200,000.00.

13. At all times immediately subsequent to the filing of the Petition herein, a portion of the Bankruptcy estate consisted of the Debtor 's right, title and interest in and to the Real Property, which such Real Property or the value and proceeds thereof were, and continue to be property of the estate.

14. Prior to the commencement of these proceedings, the Debtor on February 22, 2007, executed and delivered to Defendant Castle Point a deed of trust ( the "Deed of Trust") upon the Real Property in connection with a note dated February 22, 2007, (the "Note").

15. That said Deed of Trust was among the Land Records of Baltimore City, Maryland on or about April 12, 2007, in Liber 9296 folio 0554. A copy of the Deed of Trust is attached and incorporated herein as **Exhibit "A."**

16. Defendant Castle, is asserted to be the original holder of the Note, related to the First Deed of Trust described herein. Defendant ACT is asserted by ACT to be the current holder of the note, related to the deed of trust described herein.

17. Defendant UBS is asserted by UBS to be servicing agent under the deed of trust Defendant, MERS is a corporation asserted to be a beneficiary, nominee and mortgagee under the Deed of Trust.

18. The Deed of Trust to Defendants is defective and invalid and unenforceable as to the Plaintiff Trustee pursuant to RP 4-106 (a)[1], in that the Deed of Trust, both at the time of execution, at the time of recordation and at all times subsequent thereto, contained an affirmative, false, fictitious and illusory statement of a material, substantive fact, to wit: that the mortgagor and borrower, the Debtor herein, was an agent of the mortgagee or of the party secured by a deed of trust, authorized and empowered to make an oath or affirmation as such agent, when fact at no time either prior to recordation of the Deed of Trust or subsequent thereto,

---

[1] RP 4-106(a) provides is pertinent part that: Affidavits of consideration and disbursement. - No mortgage or deed of trust is valid except as between the parties to it, unless there is contained in, endorsed on, or attached to it an oath or affirmation of the mortgagee or the party secured by a deed of trust that the consideration recited in the mortgage or deed of trust is true and bona fide as set forth.

was the Debtor herein, an agent of the mortgagee or an agent of the party secured by a deed of trust.

## COUNT ONE:
## AVOIDANCE OF DEFECTIVE DEED OF TRUST
(Deed of Trust)

19. The Plaintiff/Trustee re-avers and incorporates by reference all of the prior allegations hereinabove set forth and further states:

20. The Deed of Trust to Defendants is defective and invalid as to the Plaintiff Trustee pursuant to RP 4-106 (a) fails to contain the requisite Affidavit of Consideration in that the Deed of Trust does not contain, have endorsed on it, or have attached to it, an oath or affirmation of and by the mortgagee or the party secured by a deed of trust that the consideration recited in the mortgage or deed of trust is true and bona fide as set forth.

21. The specific defect alleged in the Deed of Trust is that, the Maryland Code Ann., Real Property Article, § 4-106 (a) requires that the mortgagee or party secured by the deed of trust, make an oath or affirmation as to the consideration and the disbursement of funds. The Deed of Trust at issue in this case, contained an affirmative, fictitious, false, and illusory statement of a material, substantive fact, to wit: that the mortgagor and borrower, the Debtor herein, was an agent of the mortgagee or of the party secured by a deed of trust, authorized and empowered to make an oath or affirmation as such agent, when fact ,at no time, either prior or subsequent to the recordation of the Deed of Trust, was the Debtor, either an agent of the mortgagee or an agent of the party secured by a deed of trust or authorized to make an oath or affirmation on behalf of the mortgagee or of the party secured by a deed of trust.

22 That in the absence of a truthful, valid, legally sufficient, affidavit of consideration, the Deed of Trust is void against creditors without notice.

23. That the Trustee pursuant to the provisions of 11 U.S.C.§544(a)(1) has the status of a judgment lien creditor.

24. That the Trustee pursuant to the provisions of 11 U.S.C.§544(a)(3) has the status of a bonafide purchaser, who takes without knowledge, and holds the power to avoid Defendants Deeds of Trust.

25. The Defendants' failure to perfect Deed of Trust pursuant to the provisions of the

Annotated Code of Maryland Real Property Article, §4-106, et. seq. renders the Deed of Trust upon the Real Property as void and invalid as to the Trustee.

26. That said Deed of Trust is void and invalid as to the Plaintiff/ Trustee pursuant to the provisions of 11 U.S.C.§ 544.

27. The Defendants' interests in the Property are subordinate to and avoidable by the Trustee exercising his status as a creditor, the holder of a judgment lien and/or a bona fide purchaser.

WHEREFORE, the Trustee Prays for the Relief as Set Forth below.

## COUNT TWO: INJUNCTION: RE-INSTATEMENT OF THE AUTOMATIC STAY

28. The Plaintiff/Trustee re-avers and incorporates by reference all of the prior allegations hereinabove set forth and further states:

29. Prior to the Plaintiff's appointment as permanent Trustee pursuant to the operation of 11 U.S.C. §702 (d), the Defendants sought and obtained relief from the automatic stay to proceed with foreclosure proceedings under the Deed of Trust.

30. If the Defendants are permitted to continue with any foreclosure action, the Real Property will be sold and the Trustee's ability to prosecute his claims against the Real Property and the Defendants will be impaired.

31. Such impairment will cause irreparable harm to the Estate and its creditors.

32. The Trustee is likely to prevail on the merits of this Complaint.

33. Reinstatement of the automatic stay will cause little if any harm to the Defendants because the Real Property and any proceeds thereof are in the first instance property of the Estate free and clear of the interests and encumbrances of the Defendants.

34. Moreover, if the Defendants can establish that reinstatement of the automatic stay will cause them harm, they are free to petition this Court for relief from stay.

WHEREFORE, the Trustee Prays for the Relief as Set Forth below.

## COUNT TWO: DECLARATORY RELIEF

35. The Plaintiff/Trustee re-avers and incorporates by reference all of the prior allegations hereinabove set forth and further states:

36.     Actual controversies exist between the parties relating to the effect of the Deed of Trust documents and the parties' relative interests in the Property.

37.     Therefore, the Trustee seeks a declaration that:

A.   That the Deed of Trust is avoidable by the Trustee in the exercise of the powers granted to the Trustee pursuant to 11 U.S.C. §544.

B.   The Defendants' interests in the Property are subordinate to and avoidable by the Trustee exercising his status as a creditor, the holder of a judgment lien and/or a bona fide purchaser.

C.   That the interest of the Trustee in and to the Real Property or the proceeds thereof be declared superior to the unperfected interest of Defendants.

D.   That the complete absence of an affidavit of consideration and acknowledgment, as required by the MD CODE ANN., REAL PROP. §4-106 (a), of a duly authorized agent of the mortgagee or the party secured by a deed of trust, is not a technical defect in the mere form of the affidavit, to which the Maryland curative statue, MD. CODE ANN., REAL PROP. § 4-109, would be applicable.

E.   That the material false and fictitious statement of a material, substantive fact that the mortgagors, borrowers, the Debtor herein, are agents of the mortgagee or the party secured by a deed of trust, when fact the at no time were the mortgagors/borrowers Debtor herein, agents of the mortgagee or the party secured by a deed of trust, is not a technical defect in the mere form of the affidavit, to which the Maryland curative statue, MD. CODE ANN., REAL PROP. § 4-109, would be applicable.

WHEREFORE, the Trustee Prays for the Relief as Set Forth below.

## COUNT THREE: SALE FREE AND CLEAR

38.     The Plaintiff/Trustee re-avers and incorporates by reference all of the allegations contained as fully set forth herein and further states:

39.     By reason of the foregoing, Defendants' security interest, lien and the Deed of Trust in and to the Real Property or the proceeds thereof are void as against the Plaintiff/Trustee.  Further the said Deed of Trust is void as to the Plaintiff Trustee pursuant to the provisions of 11 U.S.C.§ 544.

40. That the Debtor's interest in the said property as of the Petition Date had a value to the Bankruptcy Estate in an amount of not less than $200,000.00.

41. That said property or equity in said property in the sum of not less than $200,000.00 constitutes property of the estate, which the Plaintiff/Trustee may use, sell, lease or otherwise dispose of in accordance with the provisions of the United States Bankruptcy Code.

42. 11 U.S.C. § 542 provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
> 11 U.S.C. § 542(a)

43. 11 U.S.C. § 363 provides:

> (b) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...
>
> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-- (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.
>
> 11 U.S.C. § 363(b) and (f).

44. Applicable nonbankruptcy law permits sale of the Property free and clear of the Defendant's interests.

45. The interest of the Defendants in the Property is an avoidable lien. Thus, the price at which the Property will be sold is greater than the aggregate value of the liens on the Property. The interests of the Defendants in the Property are in bona fide dispute.

46. The Defendants could be compelled, in a legal or equitable proceeding, to accept a

money satisfaction of their interests.

WHEREFORE, the Trustee respectfully requests that the Court make such findings and enter such judgments as are appropriate, including, without limitation, alternatively or cumulatively, the following:

A. Adjudging and declaring that the Defendants do not have valid security interests in the Real Property known as 20 Mallow Hill Road, Baltimore, Maryland 21229 as to the rights of the Plaintiff Trustee;

B. Adjudging and Declaring that the claims of Defendants' are unsecured claims as to the bankruptcy estate;

C. Avoiding the Deed of Trust and the lien granted in the Deed of Trust in and against the Real Property as to the rights of the Trustee pursuant to 11 U.S.C. § 544; and preserving the Deed of Trust for the benefit of the Estate pursuant to 11 U.S.C §551.

D. Enter judgment in favor of the Trustee and against the Defendants;

E. Order that the First Deed of Trust as avoided is preserved for the benefit of the Estate pursuant to 11 U.S.C §551.

F. Enter judgment in favor of the Trustee and against the Defendants.

G. Subject to further specifc notice, authorizing sale of the Property free and clear of the claims, liens and/or interests of the Defendants;

H. Grant such other and further relief as is just and proper.

Date:<u>January 17, 2011</u>              Respectfully submitted,

>           */s/ Michael G. Rinn*
>           Michael G. Rinn, Esquire
>           Federal Bar No. 01310
>           111 Warren Road, Suite 4
>           Cockeysville, Maryland 21030
>           (410) 683-1040
>           Rinnoffice@rinn-law.com
>           Trustee/ Counsel to Trustee